UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:19-cr-404-WFJ-SPF

FERNANDO TRIBINO-MINA
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Fernando Tribino-Mina, USM#: 72645-018, moves (Dkt. 265) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 13, 2020, Fernando Tribino-Mina, the mechanic of the vessel, was sentenced to 135 months under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Dkt. 132. Fernando Tribino-Mina's total offense level was 35. Dkt. S-133 at 1. He was assessed no criminal history points, and his criminal history was category I. *Id.* The offense carried a ten-year mandatory minimum sentence, and Defendant's advisory guideline range was 168 to 210 months. Dkt. 254 at 5, 9–10. The Court granted the Government's 5K1.1 motion for substantial assistance and departed downward two levels. Dkts. 101, 102, S-

133 at 2.  Defendant also received the benefit of the safety valve.  Dkt. S-133 at 1.  The Bureau of Prisons online locator shows that his projected release is May 17, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Fernando Tribino-Mina is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 33 and his advisory sentencing range to 135–168 months.  Dkt. S-267 at 2.  Because the Court granted a two-level downward departure pursuant to USSG §5K1.1, USPO recommends a comparable departure of 20% from the low end of the amended guideline range, or 108 months.  *Id.* at 3.

The Federal Defender appears, confirms Mr. Tribino-Mina's eligibility for a reduction, agrees with the USPO, and moves unopposed to reduce his sentence to 108 months (a 27-month reduction in sentence), which is the bottom of the amended guidelines range giving all comparable substantial assistance departures.  Dkt. 265.  In considering whether to grant a comparable two-level downward

departure from the amended guideline range, the Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a). For the following reasons, the Court finds those factors weigh against a reduction in sentence.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. Defendant was one of four crewmembers and served as the mechanic on the self-propelled semi-submersible ("SPSS") vessel interdicted by the Coast Guard about 140 nautical miles west of Colombia. Dkt. 43 at 20; Dkt. S-96 ¶ 21; Dkt. 254 at 6–7. The offense involved "a pretty big bust" of cocaine and "made the national news" with a "video of the Coast Guard jumping on top of this submersible and taking these individuals out of it." Dkt. 254 at 8–9. After conducting a destructive search, the boarding team removed about 500 kilograms before it was deemed unsafe to remove any more. Dkt. 43 at 21; Dkt. S-96 ¶¶ 18, 20. Defendant admitted that the boarding team observed contraband "stacked three bales high, six bales wide, going back approximately 25 feet in length, weighing an estimated 5,000–8,000 kilograms." *Id.*

The Federal Defender minimizes Defendant's single disciplinary report during incarceration for possession of a hazardous tool, a cell phone. Dkt. 265 at 3; Dkt. 265-1 at 1–2; Dkt. S-267 at 3. Although cell phones may very well be used to call family, cell phones also pose a threat to the orderly operation and security of the prison and are deemed by the BOP a public safety violation. Dkt. 265-1 at 3.

4

Defendant completed 42 hours of educational and vocational training and maintains employment as a unit orderly. Dkt. S-267 at 3; Dkt. 265-1 at 5–6. The Court finds that Defendant's post-sentencing conduct does not alter the factors discussed above in this vast drug smuggling venture carrying from five and one-half to over eight tons of cocaine with a street value of $150 to $240 million. Dkt. 102 at 2, 14; Dkt. 208 at 39, 43. Defendant received the just and proper sentence in this case. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (*see id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, Defendant is a Colombian citizen with an unresolved ICE detainer.

As noted by the Federal Defender, the Court must also consider the need to avoid unwarranted sentence disparities in reducing a sentence. *See* Dkt. 265 at 4. When sentencing Mr. Tribino-Mina, the Court had sentenced the master of the ship, co-defendant Enrique Mantilla-Olaya, to 168 months in prison.[1] Sentencing disparities are avoided by leaving the 135-month sentence unchanged. Although Mr. Tribino-Mina was the first to provide substantial assistance, he was the

---

[1] Co-defendant Fausto Hurtado-Candelo was later sentenced to 135 months in prison and was also granted a 5K1.1 for substantial assistance. The remaining co-defendant, Wiber Tenorio-Rodriguez, received 136 months.

5

mechanic and received the same sentence as another crewmember who provided substantial assistance, Mr. Hurtado-Candelo, and received one month less than the crewmember who did not do so, Mr. Tenorio-Rodriguez. Granting a reduction for each of the four co-defendants in this case, as posed by the defense, does not avoid unwarranted sentence disparities.[2]

Mr. Fernando Tribino-Mina's motion (Dkt. 265) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[2] If reductions are granted for all four defendants, Mr. Tenorio-Rodriguez would receive the same reduced sentence as the captain of the vessel, Mr. Mantillo-Olaya—135 months.